### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**CLIFFORD ECHOLS,**

      **Plaintiff,**

    **v.**                 **Civil Action 2:25-cv-673**
                            **Chief Judge Sarah D. Morrison**
                            **Magistrate Judge Chelsey M. Vascura**

**OHIO STATE BAR ASSOCIATION,**

      **Defendant.**

### REPORT AND RECOMMENDATION

Plaintiff, Clifford Echols, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, the undersigned **RECOMMENDS** that Plaintiff's federal claims be **DISMISSED** for failure to state a claim on which relief can be granted, and that Plaintiff's state-law claims be **DISMISSED WITHOUT PREJUDICE** to re-filing in state court.

## I.  STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to

"lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In

doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from

filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the

statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,
> the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte*

dismissal of an action upon the Court's determination that the action is frivolous or malicious, or

upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the

basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule

8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual

demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.     ANALYSIS

Plaintiff alleges that he submitted numerous complaints of attorney misconduct to Defendant, the Ohio State Bar Association ("OSBA"), but that the OSBA ignored or summarily dismissed his complaints. (Compl., ECF No. 1-2.) Plaintiff asserts claims under 42 U.S.C. § 1983 for violation of his First and Fourteenth Amendment rights as well as a state-law claim for negligence.

Plaintiff's federal claims under § 1983 must be dismissed. To succeed on a claim under § 1983, Plaintiff must plead two elements: that he was (1) "deprived of a right secured by the Constitution or laws of the United States," and (2) "that such deprivation was caused by a person acting under color of state law." *Littler v. Ohio Ass'n of Pub. Sch. Emps.*, 88 F.4th 1176, 1180 (6th Cir. 2023) (cleaned up). Plaintiff's § 1983 claims fail to satisfy the second element. Bar associations are not generally considered state actors for purposes of liability under § 1983. *See Peart v. Bartell*, No. 1:24 CV 178, 2024 WL 1742384, at *2 (N.D. Ohio Apr. 23, 2024); *Hu v. American Bar Ass'n*, 568 F.Supp.2d 959, 965 (N.D. Ill. 2008); *Jordan v. Kentucky*, No. 3: 09-cv-424, 2009 WL 2163113, at *4 (W.D. Ky. July 16, 2009). Plaintiff has therefore failed to state a claim against the OSBA for violation of his federal constitutional rights.

Plaintiff's only remaining claim is one for negligence under state law. Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction." The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (citations omitted).

Here, Plaintiff's state-law claims fail to provide a basis for a claim over which this Court has original jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for federal-question jurisdiction, and § 1332, which provides for diversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (cleaned up). Federal-question jurisdiction is implicated when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id.* (citation omitted). For a federal court to have diversity jurisdiction under § 1332(a), there must be complete

4

diversity, meaning that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Plaintiff's negligence claim arises under Ohio common law, not federal statutes or the United States Constitution. *See Losey v. N. Am. Philips Consumer Elecs. Corp.*, 792 F.2d 58, 62 (6th Cir. 1986) ("The rights and duties at issue here, regarding the right to recover damages for negligence, are creatures of state law."). Nor has Plaintiff alleged that he and the OSBA are citizens of different states. Thus, Plaintiff has failed to plausibly allege facts on which the Court could rely to conclude that this Court has original subject-matter jurisdiction over his state-law claim. Because the undersigned recommends dismissal of all of Plaintiff's federal claims, it is further recommended that the Court decline to exercise supplemental jurisdiction over any remaining state-law claims and that it dismiss any such claims without prejudice to re-filing in state court.

## III.    DISPOSITION

For these reasons, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. It is **RECOMMENDED** that Plaintiff's federal claims be **DISMISSED** for failure to state a claim on which relief can be granted under 28 U.S.C. § 1915(e), and that Plaintiff's state-law claims be **DISMISSED WITHOUT PREJUDICE** to re-filing in state court.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with

supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE